So we'll proceed with the remainder of this morning's oral argument calendar starting with United States v. Melnick, 18664. Thank you, Victor. Mr. Eddy. May it please the Court, my name is Thomas Eddy. I'm of counsel to the Law Offices of Richard Palmer, CJA counsel for Mr. Melnick. The defendant declined to pose a below-guideline sentence, not because of any circumstance of the offense or other legitimate 3553A factor, but because the government opted not to seek forfeiture of profits the government conceded it could not prove. In pleading to conspiring to traffic and contraband cigarettes, Mr. Melnick admitted no more than that his plan was to resell them. In counsel did state spontaneously, and there's no indication that his client approved of it, but the counsel did make a statement in response to a judge's inquiry that there was profits. He didn't quantify them. I believe that there are precedent of this court, United States v. Valencia and United States v. McKeon. Valencia was a situation where a counsel made a statement in the bail context that the government sought to use thereafter. Mr. Melnick himself personally stated that at least there was a profit motive, is that correct? He stated in his plea that the plan was to sell, but not that the plan came to fruition. He was charged with conspiracy. He pled to conspiracy. Does it matter under the guidelines whether a profit is actually received? I haven't under the guidelines intent to profit in a fraud case, in a fraud case that involves intent to defraud people out of millions of dollars, that the amount that is significant, the amount that governs the guideline is the intent to profit, not the realization. Am I wrong about that? No. In selecting, in determining the guideline sentence, the court looks to, under the cigarette, I think it's 2E, under the contraband cigarette section, the court is referred to the tax table in section 2T, and that depending on the tax loss, that's how the sentence is set. But here it wasn't about the tax loss. The court focused on our client's ability to keep profits that the government conceded it could not prove he ever made. You think it's, you say it's inappropriate for him to have considered that? Yes, we are saying that, Your Honor. Why is it inappropriate for him to have considered that he profited from it? I don't believe that he considered so much that he profited from it as that the government did not, the government let him keep those profits. And I can, go back to the government's decision whether or not to pursue such. Don't you have to be happy with the fact that the government did something inappropriate? I think the government is, it's a legitimate prosecutorial choice to decide whether to seek forfeiture or not. I mean, I can quote the government here. The plea, the sentencing proceeding began with a three-page inquisition. Did it, in effect, it did not affect the calculation of the sentencing guidelines range, right? What didn't? That he profited. Or that he. Proof of profit. Answer the question. I'm sorry, Your Honor, I misunderstood it. The fact that he did or did not profit affect the calculation of his. Not the calculation, no. And how is this procedurally an error? Because the probation department recommended a nine-month sentence and the court specifically cited. Was this within a guidelines range? Yes, it was within a guidelines range. So, I ask you again, how is this in the calculation of the guidelines? Not in the calculation of the guidelines. Excuse me, let me finish my question, please. I don't understand, maybe you're clairvoyant. Do you understand the question before you hear it? No, I'm sorry, Your Honor. Then how does it affect, how is it a procedural defect as to the calculation of the sentence? It's not a procedural defect. And what is the grounds for reversing it? It's an impermissible factor under, all right, there are guidelines factors and there are 3553A factors. And you say it's an impermissible factor because the government didn't press it? Not because the government didn't press it, because it was the government's decision whether or not to seek forfeiture. Our client has no control over that. I'm just trying to figure out what the rule of law is that you want us to articulate. So, the rule of law is that it's procedural error if the government chooses not to press forfeiture and the court says, geez, you could have sought forfeiture, there were profits here, and the defense attorney says, yeah, there probably were profits, we just disagree on how much. The court can't consider the fact that there may have been profits? Well, I think the case that's most on point here, I'd like to direct the court to United States first. It's a simple question. Could the court have considered whether he made a profit or not? Could the court have considered whether it . . . Is it inappropriate under 3553 for the court to have considered whether he made a profit or not? You're saying yes. Yes, I am saying yes. That's all I wanted to know. All right, I'm sorry. That wasn't a trick question. I'm nervous. I know you are, and I'm not trying to trick you. Please. I'm just trying to understand what it is we have to say to accomplish what you think we should be doing. Your answer to that question must be yes. Let me put it in your own words, then, if I could. All right, I cite in the brief . . . we cite in the brief a case, United States v. Park, and we don't cite it to our client's best advantage. There, during a government shutdown, the district court sentenced the defendant to a below-guidelines probationary sentence because it believed the government couldn't afford the cost of incarceration during a government shutdown. The government appealed. The government's argument was the cost of incarceration is not something that comes within Section 3553A. It's not a legitimate 3553A factor. So then this court held that the district court did err, and in so holding, it noted that 18 U.S.C. 3572, the fine section, specifically considered the cost of incarceration. And because 3553 was meant to cabin a district court's discretion in setting a sentence, and this factor was listed in 3572 . . . Is this a corporate component of sentencing? It is a component of sentencing. Isn't that different from this case that you're citing? This is your case. I mean, this court's case. And what the holding was is that if it's being considered in the 3572 context, and 3553 was meant to cabin a district court's discretion in arriving at an incarceratory sentence, you shouldn't import what's going to be considered in 3572 into 3553A. And here . . . I mean, the court did, in this case, because . . . Yeah, exactly. And that's exactly what happened here, is here the court considered the need to deprive the defendant of illegally obtained profits gained from the offense. Now, there was . . . We're going back to . . . Thank you very much. Okay. Good morning, Your Honor, and may it please the Court. My name is Andrew Thomas. I represent the United States. Here, faced with a defendant who participated in a serious way in a year-long, high-dollar, high-volume, untaxed cigarette scheme, Judge Sullivan conducted a very careful sentencing proceeding. He calculated the appropriate guidelines range, and he sentenced Mr. Melnick for Mr. Melnick's role at the bottom of the guidelines range. So it chewed you out, or the government out, for not seeking forfeiture. That is absolutely true. That also happened. But for the sentencing portion of that proceeding, Judge Sullivan went through all of the 3553A factors as they applied to Mr. Melnick and to Mr. Melnick's offense, and he imposed a sentence that was eminently reasonable in all respects, and the Court should affirm it. With respect to the argument that it was the government's choice alone that forfeiture wasn't sought, that's not entirely accurate. Here, what the government, perhaps poorly, tried to articulate to Judge Sullivan, and it's reflected throughout the record, is that the particular quantity of profit could not be established. The fact that Mr. Melnick profited was not only conceded by counsel but abundantly clear from the fact pattern. These are cigarette transactions conducted one after the next after the next, and they extend over a great period of time. There's no reason to do that other than the profit motive that the Court pointed to. Would it make any difference if the fact were otherwise, if the government simply decided in the exercise of prosecutorial discretion we're not seeking forfeiture? That's our decision. Would that make any difference? It would still be exactly the same case, wouldn't it? Yes, Your Honor. It would make no difference to the reasonableness of the Court's ultimate calculation. I say it only to frame the issue and to respond to my adversary's point. I think here, ultimately, the crux of the case is, was Judge Sullivan permitted to take into account both the monetary component of a sentence as well as the incarceratory component? And that's a proposition the Court has repeatedly confronted in the case of fines that are vacated or restitution orders that are altered. You say that he could have, in his calculation of the appropriate sentence, considered the fact that he was not subject to forfeiture. Yes, Your Honor. Insofar as the fact, the total incidence of punishment that was being inflicted or imposed on Mr. Melnick lacked a monetary component. The forfeiture in this respect is no different than a fine or restitution, and Judge Sullivan was entitled and it was reasonable for him to think, what message am I sending, not just to Mr. Melnick but to others, about what happens when these offenses . . . So it's the government's failure that ends up costing Melnick time in prison? No, Your Honor. Well, how's the district court judge to know exactly how he profited? I mean, the government's the one that comes up and says, geez, we don't know. And Judge Sullivan was not pleased. You yourself characterized in response to Judge Loyer's question, you got yourself chewed out for it. Is his angst with you supposed to be fair in his consideration of what he thinks is an appropriate sentence as to Mr. Melnick? Is disappointment with you somehow relevant to how much time is necessary for Melnick to spend in prison? No, absolutely not. What Judge Sullivan was entitled to do and what he actually did was not to visit upon Mr. Melnick's punishment for the government's inability to investigate or develop facts about a specific aspect of the scheme, but rather to hold Mr. Melnick responsible in a way that accounted for his conduct and the fact that he profited, although the judge said, which was an accurate reflection of the record, he didn't know how much he profited, and also to send a deterrent signal to others. Well, if there had been a forfeiture and the defendant had paid the forfeiture, the forfeiture had been collected somehow or other, under those circumstances it would have been inappropriate, I think, for the judge to increase the sentence by reason of the fact that the defendant was getting away with profit that hadn't been disgorged when it had been disgorged. So that would have been a different case. That would be a different case, Your Honor. Here, the government's point is mostly that the sentencing judge has the discretion to combine the monetary and incarcerated components, and that's what Judge Sullivan did here. To Judge Wesley's question, I think there's no suggestion in the record that the sentence imposed actually was a reflection of the judge's view of the government's conduct. At the plea, for example, months before the sentencing proceeding. Why wasn't the forfeiture order one? Why didn't you seek a forfeiture order where Mr. Melnyk was just jointly and severally liable, along with the other actors? Your Honor, my time is about to expire, but if I may respond. Focus on the word about to. Fair point. The Senate chair asked if the red light or that light is irrelevant, Counselor. Absolutely. The Supreme Court's decision in Honeycutt forecloses that possibility. Here, we needed to know more than what we did know, which is that the scheme was profiting at a particular level we could estimate, but we needed to know how much the defendant obtained, and those facts. Honeycutt. That's correct, Your Honor. Those facts were not available to us and not presented to the court, and so couldn't form the basis of a forfeiture order. And this is plain error review? With respect to that issue, yes, Your Honor. The panel has no other questions for me. The rest of my papers. Thank you.  Mr. Eddie. Just very quickly, Your Honor. Because there seems to be some dispute over whether the sentence was based on Mr. Melnick's ability to profit or the government's refusal to recover those profits, I'd just like to quote quickly what the judge actually said. When counsel argued for a variant. Could you give me a page, Mr. Eddie, so that I can look at it later? S-2425 of the sentencing, A-104 of the appendix. Thank you very much. All right. When counsel was arguing for a below-guideline sentence, the court said, I have no idea what the profits are. All I know is that there is no forfeiture. Nobody is taking credit for the profits here. I do think that's a relevant fact. Then later in stating its reasons when it was actually imposing its sentence, the court says specifically. Where is that? At page S, sentence 38, A-118 of the appendix. Thank you. I'm sorry. One of the factors that I just can't get around, or one of the facts that is really significant to me, is that Mr. Melnick profited from this crime, and he's going to get those, to keep those profits. So in 3572, in the fine statute, in determining whether to impose a fine, it specifically states the need to deprive the defendant of illegally obtained gains. Here the court considered a fine and opted not to impose one. So I don't think he's allowed to consider the fact in the context of deciding an incarceratory sentence, something that specifically he rejected in the fine context. So, I mean, to me, to us, it certainly appears from what he said that he was punishing the appellant for the government's decision. He should have done both. Excuse me, sir? Should have done both. Should have imposed the fine. And the lowest, I mean, at this point, I think that, you know, Mr. Melnick probably would have preferred to have, he's judgment-proof, he would have preferred to have a judgment the government couldn't collect in 15 months. No, no, no, what he's saying is he should have fined him and then also imposed a guideline sentence. Yeah, I'm not saying he should have done that. I'm saying he could have done that. Thank you, sir. Thank you very much. We'll reserve the decision.